Bret Knewtson, Esq. OSB 033553
3000 NE Stucki Pl, Suite 230-M
Hillsboro, Oregon 97124
Phone: (503) 846-1160
Fax: (503) 922-3181
Email: bknewtson@yahoo.com

Yitzchak Zelman, Esq. NJ Bar #015872012
MARCUS ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Fax: (732) 298-6256
Email: yzelman@marcuszelman.com
*PRO HAC VICE TO BE FILED*

Attorneys for the Plaintiff
CHANELE RAMOS, individually and on behalf
of all others similarly situated

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF OREGON (Portland)

| | |
|---|---|
| CHANELE RAMOS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>AARGON COLLECTION AGENCY,<br><br>Defendant. | Civil Case Number: 3:18-cv-1157<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT**<br>**AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff CHANELE RAMOS (hereinafter, "Plaintiff"), an Oregon resident, brings this

class action complaint by and through her undersigned attorneys, against Defendant  AARGON

COLLECTION AGENCY (hereinafter "Defendant"), individually and on behalf of a class of all

others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## INTRODUCTION/PRELIMINARY STATEMENT

1. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Oregon consumers seeking redress for Defendant's actions of using false, deceptive and misleading representation or means in connection with the collection of an alleged debt.

6. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

7. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

8. Plaintiff is a natural person and a resident of the State of Oregon, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

9. Defendant Aargon Collection Agency is a collection agency with its principal office located at 8668 Spring Mountain Road, Las Vegas, Nevada 89117.

10. Upon information and belief, Defendant is a company that uses the mail, telephone, or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts alleged to be due another.

11. Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

12. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

13. Some time prior to March 22, 2018, an obligation was allegedly incurred to DJO GLOBAL.

14. The DJO GLOBAL obligation arose out of a residential rent transaction in which money,

property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

15. The alleged DJO GLOBAL obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

16. DJO GLOBAL is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

17. Defendant contends that the DJO GLOBAL debt is past due.

18. Defendant is a company that uses mail, telephone or facsimile in a business the principal purpose of which is the collection of debts, or that regularly collects or attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors.

19. DJO GLOBAL directly or through an intermediary contracted the Defendant to collect the alleged debt.

20. On or about March 22, 2018, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged DJO GLOBAL debt. *See* **Exhibit A.**

21. Upon information and belief, the March 22, 2018 letter was the first communication between the Defendant and Plaintiff regarding the DJO GLOBAL debt.

22. The March 22, 2018 letter was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

23. The March 22, 2018 letter is a "communication" as defined by 15 U.S.C. §1692a(2).

24. The Plaintiff received and read the Letter sometime after March 22, 2018.

25. The Letter stated in part:

    "Total Balance Due:   $125.00"

26. The Letter further stated:

    "Because of interest that may vary from day to day the amount due on the day you

pay may be greater."

27. The Plaintiff, as would any least sophisticated consumer read the above statement and believed that the Defendant could potentially impose additional charges, even though that would never actually incur. *See e.g., Beauchamp v. Fin. Recovery Servs., Inc.,* No. 10 CIV. 4864 SAS, 2011 WL 891320, at *3 (S.D.N.Y. Mar. 14, 2011) (finding that a letter stating that the debt balance may increase could mislead the least sophisticated debtor into believing that additional charges or interest would accrue).

28. By inputting this language, the Defendant caused the Plaintiff a real risk of harm. Plaintiff, as would the least sophisticated consumer, would believe that they have a financial incentive to pay this debt sooner, or risk owing a higher amount.

29. Defendants could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

### CLASS ALLEGATIONS

30. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class: a) All consumers with addresses in the State of Oregon b) who were sent a collection letter from the Defendant c) attempting to collect a consumer debt owed to DJO GLOBAL, d) that states "Because interest continues to accrue on your account, the amount due on the day that you pay may be greater than the balance due set forth above." e) when no such interest was accruing, f) which letter was sent on or after a date one year prior to the filing of this action and on or before a date 21 days after the filing of this action.

31. The identities of all class members are readily ascertainable from the records of

Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

32. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors, and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

33. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as **Exhibit A**, violate 15 U.S.C. § 1692e and 1692g.

34. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

35. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

36. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   (a)    **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

(b)    **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as ***Exhibit A***, violate 15 U.S.C. § 1692e and 1692g.

(c)    **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)    **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

(e)    **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

37. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff

Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

38. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CLAIM

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### COUNT I
### 15  U.S.C. §1692e *et seq.*

39. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

40. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

41. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, misleading and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

42. The Defendant violated said section in its letter to the Plaintiff by:

    a.  Using a false, deceptive, and misleading representations or means in connection with the collection of a debt;

    b.  Falsely representing the amount of the alleged debt in violation of 1692e(2)(A);

8

   c.  Making a false representation or using deceptive means to collect a debt in violation of 1692e(10).

43. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

44. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

45. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

46. The Defendant violated said provision by failing to accurately state the amount of the debt in violation of 1692g(a)(1).

47. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY·

48. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby request a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendant as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and Plaintiff's Counsel, as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  June 28, 2018

By:     /s/ Bret Knewtson
Bret Knewtson, Esq.
3000 NW Stucki Pl, Suite 230-M
Hillsboro, Oregon 97124
Phone: (503) 846-1160
Fax: (503) 922-3181
Email: bknewtson@yahoo.com


**PRO HAC VICE TO BE FILED**
Yitzchak Zelman, Esq.
MARCUS ZELMAN, LLC
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732) 695-3282
Facsimile: (732) 298-6256
Email: yzelman@marcuszelman.com
*Attorneys for Plaintiff*

10